CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 17 2018

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| TERRANCE KING MILANO | ) | |
| HAIRSTON EL, | ) | Civil Action No. 7:18-cv-00092 |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| J-PAY INC., <u>et al.</u>, | ) | **By:    Hon. Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Terrance King Milano Hairston EL,[1] a Virginia inmate proceeding <u>pro se</u>, filed a

complaint pursuant to 42 U.S.C. § 1983 naming three defendants: J-Pay, Inc. ("J-Pay"), the

Virginia Department of Corrections ("VDOC"), and the Commonwealth of Virginia.  Plaintiff

presents twenty-one claims in the complaint related to J-Pay's design and implementation of the

J-Pay media controller allowed in Plaintiff's prison.  Plaintiff faults J-Pay for various "breach of

contract" and "cruel and unusual punishment" claims because J-Pay "corner[ed] the market" in

VDOC prisons as an exclusive provider or facilitator of paid digital content.  Plaintiff complains

J-Pay "illegally" uses Plaintiff's "trade[]name" and has frustrated his ability to e-mail family

members and to access purchases.[2]  Plaintiff seeks, <u>inter alia</u>, $100,000 in damages.

I must dismiss any action or claim filed by an inmate if I determine that the action or

claim is frivolous, meaning it is based upon "an indisputably meritless legal theory," "claims of

infringement of a legal interest which clearly does not exist," or claims where the "factual

contentions are clearly baseless."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>see</u> 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).

---

[1] Plaintiff's other moniker is Terrance Milano Hairston.  Plaintiff identifies as a "Sovereign Moorish American, sui juris," "Secured Party/Creditor," "Holder-in-due-course," and "Trade name owner/record owner."  <u>See, e.g.</u>, <u>Murakush Caliphate of Amexem Inc. v. New Jersey</u>, 790 F. Supp. 2d 241, 242-46 (D.N.J. 2011) (discussing Sovereign Moorish American movements).

[2] Plaintiff concedes he is able to communicate with family via mail.

The complaint must be dismissed as frivolous. Plaintiff's dissatisfaction with J-Pay's policies, practices, or costs involving its media player does not implicate a deprivation of a federal right. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff does not have a federal right to make voluntary purchases from a commissary or digital provider, even if Plaintiff believes the costs are above market rates. See, e.g., Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop. . . ."); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980) (recognizing the Constitution does not require prices to be near cost for discretionary inmate purchases); Hopkins v. Keefe Commissary Network Sales, No. 07-745, 2007 U.S. Dist. LEXIS 50961, at *1-3, 2007 WL 2080480, at *5 (W.D. Pa. July 12, 2007) (holding no right to restrain commissary from charging even exorbitant prices); Pepper v. Carroll, 423 F. Supp. 2d 442, 449 (D. Del. 2006) (holding that inmate has no constitutionally protected right to purchase commissary items as cheaply as possible); Rodriguez v. Swanson Servs. Corp., No. 01-117-P-C, 2001 U.S. Dist. LEXIS 6328, at *2-4, 2001 WL 506871 at *1 (D. Me. May 11, 2001) (holding commissary pricing does not implicate constitutional concerns); Trujillo v. Young, No. 7:02-cv-01083, 2003 U.S. Dist. LEXIS 27756, at *3, 2003 WL 23312781, at *3 (W.D. Va. June 5, 2003) (holding that inmate has no protected right to purchase commissary items at low prices).

Plaintiff's reliance on labels and buzzwords, the United Nations' Universal Declaration of Human Rights, and the Thirteenth Amendment is indisputably meritless. See, e.g., U.S. Const. Amend. XIII, § 1; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004).

An allegation that a person under color of state law has not followed a state's independent policies or procedures cannot state an actionable claim under § 1983. See United

2

States v. Caceres, 440 U.S. 741, 752-55 (1979); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

An allegation that a person under color of state law intentionally or negligently deprived an inmate of property while acting outside the scope of official policy or custom cannot state an actionable claim under § 1983 if a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39 (1981), overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); cf. Perry v. JPAY, Inc., No. 7:16-cv-00362, 2018 U.S. Dist. LEXIS 40581, at *15, 2018 WL 1309743, at *5 (W.D. Va. Mar. 13, 2018) (holding J-Pay was not acting under color of state law for merely facilitating digital purchases within the VDOC). Plaintiff possesses a post-deprivation remedy under Virginia law via the Virginia Tort Claims Act ("VTCA"). Va. Code §§ 8.01-195.3, et seq. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, Plaintiff cannot prevail under § 1983 based on an alleged property loss actionable under VTCA. See Artis v. Mapp, No. 91-6016, 1991 U.S. App. LEXIS 7122, at *1, 1991 WL 61299, at *1 (4th Cir. Apr. 24, 1991) (per curiam) (affirming with the modification that an inmate's complaint about the state's deprivation of his property is frivolous because of availability of a post-deprivation remedy).

Neither the Commonwealth of Virginia nor the VDOC is a "person" for purposes of 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating states and governmental entities that are considered arms of the state are not persons under § 1983). To the extent Plaintiff names Virginia pursuant to the VTCA, he may not proceed in

federal court and must pursue it in state court.  See, e.g., Creed v. Virginia, 596 F. Supp. 2d 930, 938 (E.D. Va. 2009).

Accordingly, I dismiss the complaint without prejudice as frivolous because Plaintiff pursues indisputably meritless legal theories against these defendants.  See, e.g., Neitzke, 490 U.S. at 327; see also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

**ENTER**: This 17th day of April, 2018.

Senior United States District Judge